**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50009 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00253-FMO-1 |
| v. | |
| MARCO ANTONIO BAUTISTA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted March 6, 2015
Pasadena, California

Before: PREGERSON, PARKER**, and NGUYEN, Circuit Judges.

Defendant-Appellant Marco Bautista appeals the district court's denial of his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

We review the district court's denial of Bautista's motion to suppress de novo and the district court's factual findings for clear error.  *United States v. Diaz*, 491 F.3d 1074, 1077 (9th Cir. 2007).

An officer initiated a traffic stop after observing Bautista driving above the speed limit, weaving in his lane, and making a lane change without signaling. Bautista did not stop his vehicle immediately, but instead continued to drive forward several times before coming to a complete stop.  The officer testified that Bautista's head was "in the middle of the vehicle and it looked as if he was reaching down in the passenger area and moving towards . . . the center line of the vehicle rather than just . . . sitting upright in a normal driving position."

A parole search is valid if it complies with state law.  *United States v. Garcia-Cruz*, 978 F.2d 537, 541 (9th Cir. 1992).  "Only after the meaning and scope of a [parole] search clause are determined, under state law, does the federal Fourth Amendment analysis begin."  *United States v. King*, 736 F.3d 805, 806 n.3 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1492 (2014).

Bautista concedes that he is a parolee and that he admitted his parole status to the searching officers before the parole search, but nonetheless argues that the officers' search exceeded the scope of a valid parole search.  Bautista contends that as a parolee his person is subject to warrantless searches, but that his car and its

functional components are not. However, under California Code of Regulations tit. 15, § 2511(b)(4), California parolees are advised that their "residence and *any property under [their] control* may be searched without a warrant at any time by any agent of the Department of Corrections or any law enforcement officer." (emphasis added). *See United States v. Grandberry*, 730 F.3d 968, 981 (9th Cir. 2013) ("In fact, California has mandated such a [parole] search condition for all of its parolees since 1977.").

The search of the car was valid because the car constituted property under Bautista's control. *See Hernandez v. Superior Court*, 110 Cal. App. 3d 355, 367 (Ct. App. 1980) (holding that the car a parolee owned with his wife, was under the parolee's control, and thus could be lawfully searched by officers based on a parole search condition). Before the search, the officers verified, and Bautista does not contest, that Bautista owned the car searched. In searching the car the officers removed the plastic cover from the gearshift housing mechanism adjacent to the driver's seat. With the aid of a flashlight, the officers located a loaded handgun in a well of the gearshift housing mechanism.

Given Bautista's diminished privacy interests as a parolee, the officers' knowledge of Bautista's parole status, and that suspicionless parole searches have been upheld by the United States Supreme Court, the district court did not err in

3

finding the search of Bautista's car valid under the parolee exception to the warrant requirement. *See Samson v. California*, 547 U.S. 843, 851-52, 856 n.5, 857 (2006). The district court's denial of Bautista's motion to suppress is

**AFFIRMED**.